## FREDERIC BONIS *v.* JULES LOUVRIER.

Plaintiff and Defendant formed a commercial partnership. Plaintiff was to furnish the entire capital, upon which he was to received six per cent. interest and two-thirds of the profits. Defendant was to receive sixty dollars per month for his expenses and one-third of the profits. Plaintiff did not furnish the stipulated capital—and for want of sufficient means the partnership was dissolved with a loss equal to the whole amount of capital furnished. *Held:* Defendant was not liable for any portion of the loss, and was entitled to his sixty dollars per month. Both parties seek to avoid a loss, and it should be borne by him who was most in fault.

APPEAL from the Second District Court of New Orleans, *Lea*, J. *Dufour*, for plaintiff. *Schmidt*, for defendant and appellee.

ROST, J. On the first of May, 1844, the plaintiff and defendent formed a commercial partnership which was to continue three years. The capital of the firm was to be furnished exclusively by *Bonis* and was to be derived, 1st. from the stock of merchandise then in his store, of which the defendant had charge, valued at $6,388;

2d. From the nett proceeds of the liquidation of the old business of *Bonis*, the amount of which was valued by him at about $10,000.

He was to receive six per cent. interest on the capital advanced and two-thirds of the profits of the partnership; the other third of the profits being the share of the defendant.

*Bonis* furnished little more than one-fourth of the capital he had promised. For want of sufficient means the firm could not be carried on to advantage and was dissolved on first of January, 1847, with a loss at least equal to the entire capital furnished.

The object of the plaintiff in this suit is to recover one-third of that loss and also the sum of $1,795 30, which the defendant received for his personal expenses during the continuance of the partnership. The defendant resists the claim on the ground that the plaintiff was in fault in not furnishing the capital which he had bound himself to bring into the firm and that this alone prevented the firm from realising large profits. He claims the probable amount of those profits in reconvention.

The District Court rejected the claim against the defendant for his share of the loss and his own demand in reconvention, but gave judgment in favor of the plaintiff for the sum received by the defendant.

The latter has appealed, and as the plaintiff has not prayed for an amendment of the judgment, we have only to pass upon the claim allowed.

It is always difficult to apply rules of law where the facts are vague and uncertain. We fully agree with our learned brother of the District Court that " *le produit de la liquidation des anciennes affaires de Mr. Bonis*," which he, *Bonis*, brought into the firm as part of its capital, was a thing indeterminate and subject to contingencies of which the defendant must have been aware; at the same time it must be conceded that while both parties may have been disappointed by the result of the liquidation, *Bonis* was mainly in fault. He, it was

who represented those assets as worth about $10,000, and there is nothing to show that the defendant knew what they consisted of, or that the cause of their loss originated after the formation of the partnership. The *anciennes affaires* of the plaintiff embraced other business besides his previous partnership with *Ibos*, and it does not appear that the defendant had any reason to believe that the promised capital was to be mainly derived from that source.

Under the eighth article of the act of partnership, the defendant was authorized to take out of the funds of the firm sixty dollars a month for his personal expenses, and the amount thus taken was to be deducted from his share of profits. This stipulation was indispensable, the defendant having no capital and bringing into the firm nothing but his industry and his knowledge of business. The amount he has received is less than he was entitled to take and the plaintiff now sues to make him refund on the ground that no profits have been made. The evidence satisfactorily shows that the failure to make profits was caused by the want of capital which the plaintiff had agreed to furnish. Taking this fact into consideration, we think that the equitable rule under which the other claims in the suit were rejected by the District Judge, applies with at least equal force to the claim allowed. Both parties seek to avoid a loss, and it should be borne by him who is the most in fault.

We are of opinion there must be judgment for the defendant.

It is ordered that the judgment, so far as appealed from, be reversed and that there be judgment in favor of the defendant, with costs in both Courts.

Rehearing refused.